UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD INGALLS, Trustee of the MELVYN INGALLS LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMG DEMOLITION & ENVIRONMENTAL SERVICES, a California Corporation; BALFOUR BEATTY CONSTRUCTION, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 17-cv-2013-AJB-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Doc. No. 20) |

Before the Court is Defendants AMG Demolition & Environmental Services, Inc. ("AMG"), Balfour Beatty Construction, LLC ("Balfour"), Zephyr Partners-RE, LLC ("Zephyr"), and 36 BHILL Owner, LLC's ("36 BHILL") (collectively referred to as "Moving Defendants") motion to dismiss Plaintiff Todd Ingalls's ("Ingalls") complaint. (Doc. No. 20-1.) Ingalls opposes the motion. (Doc. No. 29.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds this matter suitable for determination on the papers and without oral argument. For the reasons discussed herein, the Court **GRANTS IN PART AND DENIES IN PART** Moving Defendants' motion.

1

## I. BACKGROUND[1]

Ingalls filed his complaint on September 29, 2017, against fourteen named Defendants.[2] (Doc. No. 1.) Ingalls, as the son of decedent Melvyn Ingalls, is the Trustee of the Melvyn Ingalls Living Trust (the "Trust"). (*Id*. ¶ 1.) The Trust owns approximately ten acres of land located at 405 Alta Road, in an unincorporated portion of San Diego County (the "Property"). (*Id*. ¶¶ 3, 29.)

The Moving Defendants worked together on a construction project called "The Park at Banker's Hill" (the "Project"). (*Id*. ¶ 31.) 36 BHILL owns the property where the Project took place, (*Id*. ¶ 34), Zephyr is the developer, (*Id*. ¶ 36), Balfour is the general contractor, (*Id*. ¶ 38), and AMG is the demolition contractor, (*Id*. ¶ 40). During October and November of 2015, solid waste—consisting of soil, construction and demolition debris, crushed and chunks of concrete, rebar, plastic, wood, metal, glass, insulation, solids, sediment, and other materials—from the Project was dumped onto the Property. (*Id*. ¶ 31.) Neither Ingalls nor Melvyn Ingalls, now deceased, granted permission for any of the Defendants to dispose of waste on the Property. (*Id*. ¶ 62.) Thereafter, on March 25, 2016, the San Diego County Department of Environmental Health Solid Waste Local Enforcement Agency ("LEA") issued an order identifying the waste as "municipal solid waste" that had been disposed of in violation of California Public Resource Code § 44000.5(a). (*Id*. ¶ 63.)

In his complaint, Ingalls alleges one federal and five state law causes of action stemming from the Defendants' purported contribution to the dumping of solid waste onto the Property: (1) Injunctive Relief under the Resource Conservation & Recovery Act

---

[1] The following facts are taken from Ingalls's complaint, (Doc. No. 1), and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

[2] In addition to the four Moving Defendants, Ingalls also names the following ten entities as Defendants: Kelly & Associates, Inc., De Waal Enterprises, Steve Gaetske Trucking, LLC, Just Truckin LLC, Wollaston Transportation, Philip Pickett Trucking, Noriega & Partners, Marrams Trucking, Atkin Trucking, and Franklin Trucking. (Doc. No. 1 ¶¶ 12–21.)

("RCRA"), 42 U.S.C. § 6972; (2) Trespass; (3) Nuisance; (4) Negligence; (5) Business & Professional Code §§ 17200; and (6) Equitable Indemnity. (*See generally* Doc. No. 1.) On November 30, 2017, Moving Defendants filed the instant action, their motion to dismiss. (Doc. No. 20-1.) This Order now follows.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and it allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Specifically, "[t]he court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotations and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Although, the scope of review is limited to the content within the four corners of the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (reasoning that allegations of material fact are accepted as true and reviewed for plausibility, while conclusory statements are ignored); *see also Twombly*, 550 U.S. at 555 (explaining that a complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519,

526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Moving Defendants seek to dismiss each of Ingalls's six claims, arguing in each instance that Ingalls did not state a claim upon which relief can be granted. (*See generally* Doc. No. 20-1.) The Court will first examine whether Ingalls adequately pled an RCRA violation and then will examine each state law claim.

### A. INGALLS DOES NOT ADEQUATELY PLEAD A VIOLATION OF THE RCRA

Moving Defendants contend that Ingalls's RCRA claim should be dismissed because it does not plausibly allege that Moving Defendants were contributors to the disposal of the waste onto the Property or that imminent or substantial endangerment existed. (Doc. No. 20-1 at 8–13.) Ingalls challenges each of Moving Defendants' contentions. (Doc. No. 29 at 10–17.)

The RCRA permits citizen suits against "any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]" 42 U.S.C. § 6972(a)(1)(B). Thus, a plaintiff must establish three things in an "imminent and substantial endangerment" citizen suit under RCRA:

> (1) the defendant has been or is a generator or transporter of solid or hazardous waste, or is or has been an operator of a solid or hazardous waste treatment, storage or disposal facility; (2) the defendant has "contributed" or "is contributing to" the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and (3) the solid or hazardous waste in question may present an imminent and substantial endangerment to health or the environment.

*Ecological Rights Foundation v. Pac. Gas and Elec. Co.*, 713 F.3d 502, 514 (9th Cir. 2013) (citations omitted). As to the second factor, it requires that a "defendant be actively involved in or have some degree of control over the waste disposal process to be liable under RCRA." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 851 (9th Cir. 2011).

Ingalls simply pleads that all of the Defendants "contributed to the generation, handling, storage, treatment, transportation and disposal of solid waste . . . ." (Doc. No. 1 ¶ 31.) Similarly, Ingalls also argues that Defendants are past and present generators and transporters of solid waste and that they contributed to the disposal of the solid waste from the Project to the Property. (*Id.* ¶ 70.) Additionally, Ingalls plainly asserts that the past and ongoing generation and disposal of the solid waste by Defendants "may present an imminent and substantial endangerment to the environment." (*Id.* ¶ 71.)

Unfortunately, as a whole, the allegations to support Ingalls's RCRA claim do not sufficiently allege that each of the Moving Defendants are "contributors." *Hinds*, 654 F.3d at 851. As the Ninth Circuit in *Hinds* illustrated "[h]andling the waste, storing it, treating it, transporting it, and disposing of it are all <u>active functions</u> with a direct connection to the waste itself." *Id.* (emphasis added). Presently, Ingalls's complaint resorts to legal conclusions to support its RCRA cause of action. However, "naked assertion[s] devoid of further factual enhancement" do not present a sufficient claim with facial plausibility. *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

The Court notes that Ingalls devotes a large portion of his opposition brief to arguing that Moving Defendants' characterization of the decision in *Hinds* would eliminate half of the RCRA statute and that *Hinds* is factually inapposite to the present matter. (Doc. No. 29 at 12–13.) The Court disagrees. First, the Court finds that the Ninth Circuit could not have been clearer in holding that the "language Congress chose seems plain" in that a contributor must have an "active role with a more direct connection to the waste[.]" *Hinds*, 654 F.3d at 851. As currently pled, Ingalls's allegations are nothing more than "[t[hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that cannot withstand Moving Defendants' motion to dismiss. *Iqbal*, 556 U.S. at 678. Second, though

Ingalls is correct that *Hinds* dealt with the manufacture of dry cleaning equipment—which does not necessarily produce waste like that of the Project at issue in this case—Ingalls still cannot depend on legal conclusions to provide the framework of his complaint. *Id*. at 678–79.

Further, because of the conclusory nature of Ingalls's assertions, the Moving Defendants are not adequately put on notice of the harms they supposedly committed. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (explaining that allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The Court reiterates that the purpose of Federal Rule of Civil Procedure 8, and its requirements that allegations be pled with sufficient specificity, is to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. Fed. R. Civ. P. 8; *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together of multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)).

Thus, finding that Ingalls's RCRA claim lacks sufficient factual specificity, it is **DISMISSED**. As a result, the Court will not analyze whether Ingalls's complaint adequately alleges the existence of an imminent or substantial danger.[3]

**B. INGALLS'S STATE LAW CLAIMS**

As an initial matter, Moving Defendants request that the Court decline to exercise supplemental jurisdiction over Ingalls's state law claims. (Doc. No. 20-1 at 13–15.) However, as the Court is granting Ingalls leave to amend his federal RCRA claim, the Court declines to rule on this issue. Accordingly, the Court **DENIES** Moving Defendants' request.

---

[3] Moving Defendants request that Ingalls's RCRA cause of action be dismissed with prejudice as it cannot be cured by any amendment. (Doc. No. 20-1 at 13.) At this early stage of the litigation, the Court declines to dismiss this claim with prejudice.

6

Next, the Court will briefly address Ingalls's state law claims, each of which Moving Defendants seek to dismiss. (*Id.* at 16–22.) The Court finds these claims to be linked—both in underlying facts and in pleading deficiencies—to Ingalls's federal claim, so the following discussion will be brief.

### *1. Ingalls does not Adequately Plead that Moving Defendants Trespassed*

Moving Defendants contend that Ingalls's trespass claim should be dismissed because it does not plausibly allege that Moving Defendants entered the Property. (Doc. No. 20-1 at 16.) Ingalls argues that his trespass claim should survive this motion to dismiss because trespass does not require actual entry and can include contamination. (Doc. No. 29 at 20–21.)

Trespass is "an unlawful interference with possession of property." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (1987). The interference with possession "need not take the form of a personal entry onto the property by the wrongdoer. Instead, it may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." *Elton v. Anheuser-Busch Beverage Grp. Inc.*, 50 Cal. App. 4th 1301, 1306 (1996) (citation and internal quotations omitted). The elements of trespass are: "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 262 (2017).

Here, Ingalls alleges that all fourteen Defendants "intentionally entered the Ingalls Property" without authorization or approval. (Doc. No. 1 ¶ 76.) Additionally, Ingalls pleads that Defendants' entry onto the Property caused "harm" to the Property and that Defendants' conduct "constitutes a trespass." (*Id.* ¶¶ 79, 80.) The Court reiterates that Moving Defendants are purportedly the owner of the land where the waste was generated, and the developer, general contractor, and the demolition contractor for the Project. (*Id.* ¶¶ 34–41.)

Even taking the allegations as true, though Ingalls presents a cognizable legal theory, his complaint is insufficient as it "fails to plead essential facts under" his theory of trespass. *Washington v. Richards*, No. 11cv749 DMS (JMA), 2011 WL 6215505, at *2 (S.D. Cal. Dec. 14, 2011). In other words, Ingalls's complaint makes only conclusory allegations without any factual basis and simply resorts to repeating the elements of his claim. Moreover, Ingalls again groups all fourteen Defendants together without distinguishing the purported actions that each Moving Defendant took that constitutes trespass.

In his opposition brief, Ingalls argues that the Court should be able to infer from the complaint that "Defendants, by the nature of their jobs and relationship to the Project, were involved in the 'casting of substances or objects upon the plaintiff's property.'" (Doc. No. 29 at 21.) Unfortunately, this contention only further belabors the Court's point. As currently alleged, the complaint only pleads allegations referring to Defendants' entry, there is no inference that Ingalls's trespass claim arises solely from the unauthorized disposal of objects onto the Property. Thus, without more, the Court as well as Defendants are left guessing as to what actions each Moving Defendant supposedly committed that constitutes a trespass.

Thus, similar to Ingalls's RCRA claim, this cause of action is **DISMISSED**. *See Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"); *see also Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 902 (N.D. Cal. 2011) (dismissing the plaintiff's trespass claim with leave to amend so that it could "allege facts supporting the elements of the claim[.]").

### *2. Ingalls does not Adequately Plead that Moving Defendants Caused a Private Nuisance*

A private nuisance is the interference with, or the invasion of, the use and enjoyment of the life or property of another. CAL. CIV. CODE §§ 3479–81. In order for the interference to be actionable, the interference must be both substantial and unreasonable. *See Fashion*

*21 v. Coalition for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1154 (2004). To demonstrate that the interference was substantial, the plaintiff must provide evidence that he or she suffered "substantial actual damage." *San Diego Gas & Elec. Co. v. Super. Ct.*, 13 Cal. 4th 893, 938 (1996). As opposed to trespass, liability for nuisance "does not require proof of damage to the plaintiff's property; proof of interference with the plaintiff's use and enjoyment of that property is sufficient." *Id*. at 937.

Again, because of the conclusory nature of the underlying allegations, Ingalls's nuisance claim lacks a sufficient factual basis to entitle his conclusions the presumption of truth. Ingalls alleges that "Defendants' conduct constitutes a private nuisance," and that Defendants' actions "interfered with, and continues to obstruct and interfere with, Plaintiff's free use of its property." (Doc. No. 1 ¶¶ 85, 86.) This regurgitation of the elements of the claim at issue do not sufficiently allege culpable conduct from each of the Moving Defendants. Therefore, the Court **DISMISSES** Ingalls's private nuisance claim. *See Coppola v. Smith*, 935 F. Supp. 2d 993, 1033–34 (E.D. Cal. 2013) (explaining that the allegation that the defendant "operated the Well is too vague to reasonably indicate the active or knowing generation of the contamination nuisance.").

On a final note, as the Court is dismissing Ingalls's negligence claim below, his nuisance claim cannot stand alone. *See Melton v. Boustred*, 183 Cal. App. 4th 521, 542 (2010) ("Where negligence and nuisance causes of action rely on the same facts about lack of due care . . . the nuisance claim stands or falls with the determination of the negligence cause of action . . . .") (citation and internal quotation marks omitted).

### 3. *Ingalls does not Adequately Plead a Negligence Claim*

Moving Defendants contend that Ingalls's negligence claim should be dismissed because it contends merely economic damages and also does not adequately plead duty or breach. (Doc. No. 20-1 at 17–20.) Ingalls mounts in opposition that the economic loss doctrine does not apply and that Moving Defendants owed him a duty of care as a landowner. (Doc. No. 29 at 22–24.)

In California, negligence is the "failure to exercise the care a reasonable person

9

17-cv-2013-AJB-MDD

would exercise under the circumstances." *Massey v. Mercy Med. Ctr. Redding*, 180 Cal. App. 4th 690, 694 (2009). To state a claim of negligence, one must allege "the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013). "[A] duty to exercise due care can arise out of possession alone." *Sprecher v. Adamson Companies*, 30 Cal. 3d 358, 367 (1981). Moreover, "[t]he law is well settled that an owner or occupier of land is required to exercise ordinary care in the management of his property and the breach of such duty constitutes actionable negligence." *Davert v. Larson*, 163 Cal. App. 3d 407, 410 (1985). Specifically, "[a] landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the landowner." *Barnes v. Black*, 71 Cal. App. 4th 1473, 1478 (1999). Instead, "the duty of care encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury off-site." *Id*.

Here, Ingalls alleges that "[b]y entering the Ingalls Property without permission and disposing of the Waste . . . Defendants breached their duties to the Plaintiff." (Doc. No. 1 ¶ 91.) This is another formalistic recitation of the elements, a deficiency that has permeated the entire complaint. Nowhere in the complaint does Ingalls allege facts that a duty existed, or what the duty entailed. Also, again, Ingalls does not distinguish between the fourteen Defendants, giving the Moving Defendants no notice of what they actually did to breach a duty, let alone what duty they had, individually. This differentiation is especially important in light of the fact that only 36 BHILL is alleged to be the landowner of the property that generated the waste. Thus, pursuant to the pleading, 36 BHILL is the only Defendant who purportedly owed Ingalls a duty under his theory of landowner negligence.

Consequently, since the underlying factual background of duty and breach are not adequately pled, the Court does not reach the economic loss doctrine and **DISMISSES** this cause of action. *See Gregory Village Partners*, 805 F. Supp. 2d at 903 (dismissing the plaintiff's claim of negligence as "[t]he complaint [did] not clearly allege the existence of

a legal duty owed by [Defendants] to [Plaintiff], or facts showing the breach of any such legal duty.").

### 4. Ingalls does not Adequately Plead that Moving Defendants Violated California Business and Professions Code §§ 17200 et seq.

California's Unfair Competition Law—comprised of California Business and Professions Code sections 17200–17209 ("UCL")—defines unfair competition as "any unlawful, unfair or fraudulent business act or practice[.]" CAL. BUS. & PROF. CODE § 17200. "Each prong of the UCL is a separate and distinct theory of liability[.]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

The basis for Ingalls's RCRA and § 44000.5 violations are the same conduct discussed previously—namely, Moving Defendants' purported entry onto Ingalls's property to dispose of solid waste. Because Ingalls has not sufficiently pled violations under the RCRA or § 44000.5[4], his UCL claim must also fail. Thus, Ingalls's UCL claim is **DISMISSED**. *See Vargas v. JP Morgan Chase Bank, N.A.*, 30 F. Supp. 3d 945, 952–53 (C.D. Cal. 2014) ("If unable to state a claim for the underlying offense, the plaintiff similarly cannot state a claim under UCL for unlawful practices."); *see also Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) (stating that section 17200 claims "stand or fall depending on the fate of the antecedent substantive causes of action.").

### 5. Ingalls does not Adequately Plead Equitable Indemnity

Moving Defendants contend that Ingalls's equitable indemnity claim should be dismissed because it does not plausibly allege any malfeasance on the part of Moving Defendants. (Doc. No. 20-1 at 21–22.) Ingalls argues that his equitable indemnity claim should survive this motion to dismiss because he plausibly alleged multiple viable tort claims. (Doc. No. 29 at 25–26.)

---

[4] Section 44000.5 states that "a person shall not dispose of solid waste, cause solid waste to be disposed of, arrange for the disposal of solid waste, transport solid waste for purposes of disposal, or accept solid waste for disposal, except at a solid waste disposal facility . . . ."

The equitable indemnity doctrine "originated in the common sense proposition that when two individuals are responsible for a loss, but one of the two is more culpable than the other, it is only fair that the more culpable party should bear a greater share of the loss." *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011) (citation and internal quotations omitted). The elements of equitable indemnity are: "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible." *Expressions at Rancho Niguel Ass'n. v. Ahmanson Devs., Inc.*, 86 Cal. App. 4th 1135, 1139 (2001).

Ingalls alleges that Defendants disposed of the Waste on the Property, which resulted in substantial costs to Ingalls. (Doc. No. 1 ¶¶ 104, 106.) Unfortunately, as Ingalls's complaint lacks allegations establishing an essential requirement for equitable indemnity, namely, that Moving Defendants shared liability for the damage to his Property through a successfully pleaded cause of action such as negligence, his claim lacks an underlying factual basis and is **DISMISSED**. *See BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.*, 119 Cal. App. 4th 848, 852 (2004) ("With limited exception, there must be some basis for tort liability against the proposed indemnitor. Generally, it is based on a duty owed to the underlying plaintiff . . . .").

### IV. CONCLUSION

As the majority of Ingalls's complaint is based on legal conclusions, his allegations are not entitled to the presumption of the truth. *See Iqbal*, 556 U.S. at 678–79 (holding that a court cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Consequently, as explained in more detail above, the Court **GRANTS IN PART AND DENIES IN PART** Moving Defendants' motion to dismiss. (Doc. No. 20-1.)

As this is only Ingalls's first complaint, he is granted leave to amend. Ingalls must file his first amended complaint within **fourteen (14) days** from the issuance of this Order curing the deficiencies noted herein. Failure to file an amended complaint will result in dismissal of this action. Additionally, as the Court has not dismissed Ingalls's complaint

with prejudice, Moving Defendants' request for costs pursuant to Fed. R. Civ. P. 54(d) is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 4, 2018

Hon. Anthony J. Battaglia
United States District Judge