UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD INGALLS, Trustee of the MELVYN INGALLS LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMG DEMOLITION & ENVIRONMENTAL SERVICES, a California Corporation; BALFOUR BEATTY CONSTRUCTION, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No.: 17-cv-2013-AJB-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(DOC. NO. 56)** |

Before the Court is a motion to dismiss Plaintiff's First Amended Complaint, brought by Defendants AMG Demolition & Environmental Services, Inc. ("AMG"), Balfour Beatty Construction, LLC ("Balfour"), Zephyr Partners-RE, LLC ("Zephyr"), and 36 BHILL Owner, LLC's ("36 BHILL") (collectively referred to as "Moving Defendants"). Moving Defendants request for this Court to dismiss the action as to Ingalls with prejudice on the basis that Plaintiff's First Amended Complaint fails to state a meritorious claim upon which relief can be granted. (*See generally* Doc. No. 56-1.) For

the reasons discussed herein, the Court **GRANTS** in part and **DENIES** in part Moving Defendants' motion.

## I. BACKGROUND

Plaintiff, as son and Trustee of Melvin Ingalls' Living Trust, brings this action against the fourteen named Moving Defendants, each of whom worked together on a construction project called "The Park at Banker's Hill" (the "Project"). (Doc. No. 50 at 30–38.) The First Amended Complaint ("FAC") alleges, upon information and belief, in October and November of 2015, each Moving Defendant participated in the handling, transportation, and disposal of solid waste from the Project onto Ingalls' Property (the "Property"). (*Id.* ¶ 38.) This waste consisted of construction and demolition debris, crushed and chunk concrete, rebar, plastic, wood, metal, glass, insulation, soil, dirt, solids, sediment, insulation, and other debris and materials. (*Id.* ¶ 34.) Further, neither Plaintiff nor Melvyn Ingalls (now deceased) granted Moving Defendants permission to enter or dispose of waste on the Property. (*Id.* ¶ 47.)

In his FAC, Plaintiff alleges one federal and five state law causes of action based on Moving Defendants' purported dumping of solid waste onto Ingalls' Property: (1) Injunctive Relief under the Resource Conservation & Recovery Act ("RCRA"), 42 U.S.C. § 6972; (2) Trespass; (3) Nuisance; (4) Negligence; (5) Business & Professional Code § 17200; and (6) Equitable Indemnity (*See generally* Doc. Nos. 1, 50.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, the plaintiff must provide the grounds of his "entitlement to relief" which requires more than labels, conclusions or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For purposes of resolving a Rule 12(b)(6) motion, courts accept all

allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party. *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995).

### III. DISCUSSION

A. <u>Judicial Notice in Support of Motion to Dismiss First Amended Complaint</u>

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The exhibits are reports of administrative bodies, accordingly judicial notice may be appropriate. *See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 309 F.2d 380, 385 (9th Cir. 1954). Accordingly, the Court **GRANTS** Defendants' request for judicial notice of these documents.

B. <u>Plaintiff does not Adequately Plead a Violation of the RCRA</u>

Moving Defendants seek to dismiss the present allegations without leave to amend and with prejudice. Specifically, Moving Defendants argue Plaintiff's RCRA claim cannot survive as Plaintiff has not plausibly alleged sufficient facts showing (1) any Moving Defendant was an *active* contributor to the disposal of the waste or (2) that the waste presented an imminent or substantial endangerment. (Doc. No. 56-1 at 4.) Plaintiff responds that he has alleged sufficient facts to warrant the discovery to prove his claims. (Doc. No. 60 at 2.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

17-cv-2013-AJB-MDD

The RCRA permits citizens suits against "any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]" 42 U.S.C. § 6972(a)(1)(B). Under RCRA, a plaintiff must establish three things in an "imminent and substantial endangerment," citizen suit:

> (1) The defendant has been or is a generator or transporter of solid or hazardous waste, or is or has been an operator of a solid or hazardous waste treatment, storage or disposal facility; (2) the defendant has "contributed" or "is contributing to" the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and (3) the solid or hazardous waste in question may present an imminent and substantial endangerment to health or the environment.

*Ecological Rights Found. v. Pac. Gas and Elec. Co.*, 713 F.3d 502, 514 (9th Cir. 2013) (citations omitted). To satisfy the second factor requires a "defendant be actively involved in or have some degree of control over the waste disposal process to be liable under RCRA." *Hinds Invs., L.P. v. Angioli,* 654 F.3d 846, 851 (9th Cir. 2011).

Here, the Court finds the allegations in support of Plaintiff's RCRA claim are sufficient to allege that each of the Moving Defendants are *active* contributors. In Plaintiff's FAC, Ingalls adhered to the precedent established by *Hinds* by specifying the ways in which each Moving Defendant was involved in or had active control over the waste. *Hinds*, 654 F.3d at 851. Specifically, Ingalls provided sufficient information regarding each Moving Defendants' title and their active duties within the project to establish their connection to and control over the waste. (*See generally* Doc. No. 50 at 9–15.) Thus, the Court finds this information sufficiently creates the necessary nexus to support Plaintiff's RCRA claim that each Moving Defendant was an active contributor in the waste.

However, the Court finds Plaintiff's RCRA claim lacks sufficient factual specificity to allege the existence of an imminent or substantial danger. Plaintiff simply pleads that

the waste is a "solid waste" and its discharge into Poggi Canyon Creek may present an imminent and substantial endangerment to health and the environment. (Doc. No. 50 ¶¶ 96, 101, 103.) The Court finds this allegation flawed for two reasons. First, the Court finds Plaintiff's argument that the soil disposed on Plaintiff's property may be contaminated to be a speculative inference devoid of any factual basis. (*See id.* ¶¶ 53, 54.) Ingalls claims that as waste facilities accept "clean fill dirt," solid waste facilities such as Miramar Landfill may not accept contaminated soil or hazardous waste. (*Id.* ¶ 53.) Ingalls argues that this fact indicates Defendants knew the soil may be contaminated when Defendants dumped the waste onto Ingalls' Property. (*Id.* ¶ 54.) Unfortunately as stated, Ingalls' basis for this conclusion relies on pure speculation and as such, the Court rejects this argument.

Second, without stating any toxin, chemical, or hazardous substance that may be in the waste, Ingalls concludes the waste dumped into or near Poggi Canyon Creek may present an imminent and substantial endangerment to health and the environment. (Doc. No. 50 ¶ 108.) The Court rejects this conclusion as it is factually insufficient to state a claim. *See U.S. v. Reilly Tar & Chemical Corp.*, 546 F. Supp. 1100, 1110 (D. Minn. 1982) (explaining that complaints which contain allegations that chemicals found in wastes disposed of by the allegedly offending party were carcinogens and toxic, that such wastes were spilled and discharged directly into the ground, that they entered and continued to enter ground water that had already contaminated and caused the closing of six wells, and that these contaminants would continue to move into the drinking water of metropolitan area unless preventative measures were taken, were sufficient to establish "imminent and substantial endangerment to health or the environment"); *see also U.S. v. Vertac Chemical Corp.*, 489 F. Supp. 870, 885 (E.D. Ark. 1980) (finding evidence that dioxin was escaping from herbicide manufacturer's plant site in quantities that might be teratogenic, mutagenic, fetotoxic, and carcinogenic was sufficient to establish its escape constituted an "imminent and substantial endangerment to health of persons"). Even in light of the generous standard afforded to Plaintiff at the motion to dismiss stage, the Court finds Plaintiff's argument relies on pure speculation and is devoid of sufficient specificity.

Plaintiff has failed to specify an actual threat that the waste may impose. *See Christie-Spencer Corp. v. Hausman Realty Co., Inc.*, 118 F. Supp. 2d 408, 419 (S.D.N.Y. 2000) ("The language of RCRA implies that there must be a threat which is present now, although the impact of the threat may not be felt until later."). Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's RCRA claim.

C. Plaintiff's State Law Claims

As the Court is granting Plaintiff leave to amend his federal RCRA claim, the Court declines to rule on the exercise of supplemental jurisdiction over the state law claims. However, the Court will briefly address Plaintiff's state law claims, each of which Moving Defendants seek to dismiss.

*1. Plaintiff Adequately Pleads Moving Defendants Trespassed*

Moving Defendants contend Plaintiff has failed to plead any facts which plausibly give rise to trespass liability as to any Moving Defendant. (Doc. No. 56-1 at 15.) In opposition, Plaintiff alleges that the agreements and arrangements Moving Defendants entered into, taken with the allegations, establish an "agency which, when put in operation" caused the "casting of substances" onto Plaintiff's property. (Doc. No. 60 at 15–16.)

A trespass is "an unlawful interference with possession of property." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (Cal. Ct. App. 1987). The interference with possession "need not take the form of a personal entry onto the property by the wrongdoer," but "may be accomplished by the casting of substances or objects upon the plaintiff's property from without its boundaries." *Elton v. Anheuser-Busch Beverage Grp. Inc.*, 50 Cal. App. 4th 1301, 1306 (Cal. Ct. App. 1996) (citation and internal quotations omitted).

The Court finds Plaintiff's amended trespass claim adequately pleads facts in support of his theory of trespass. (*See generally* Doc. No. 50.) As noted in Plaintiff's FAC, the Court believes the recital of the purported actions that each Moving Defendant took are sufficient to constitute trespass. (*Id.*) Further, Plaintiff provides facts supporting the inference that Moving Defendants trespassed onto Ingalls' Property for the purpose of dumping the waste. Specifically, the Court is persuaded by Plaintiff's reference to the 22

Bills of Lading identifying AMG as "shipper," and Trucking Defendants as "carrier" and/or "broker" of "dirt" from the Project to Ingalls' Property located at 405 Alta Road, Otay Mesa. (*Id.* ¶ 42.) In addition, the fact that Balfour's "Subcontractor Daily Report" for the Project dated October 22, 2015, indicating the "dump site" was "unexpectedly shut down" and a "back-up plan" was needed supports an inference for the motivation behind Moving Defendants' trespass. (*Id.* ¶ 43.)

For these reasons, Moving Defendants' motion to dismiss Plaintiff's trespass claim is **DENIED**.

*2. Plaintiff Adequately Pleads Moving Defendants Caused a Private Nuisance*

Moving Defendants argue Plaintiff's nuisance claim fails because he alleges facts insufficient to give rise to nuisance liability as to any Moving Defendant. (Doc. No. 56 at 16.) In his opposition, Plaintiff argues that without each Moving Defendants' willful actions in its assistance in the creation and disposal of the waste, the nuisance would not have occurred. (Doc. No. 60 at 16–17.)

A private nuisance is the interference with, or the invasion of, the use and enjoyment of the life or property of another. CAL. CIV. CODE §§ 3479–81. For the interference to be actionable, the interference must be both substantial and unreasonable. *See Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles,* 117 Cal. App. 4th 1138, 1154 (Cal. Ct. App. 2004). Further, liability for nuisance "does not require proof of damage to the plaintiff's property; proof of interference with the plaintiff's use and enjoyment of that property is sufficient." *San Diego Gas & Elec. Co. v. Super. Ct.*, 13 Cal. 4th 893, 938 (Cal. 1996).

Again, the Court finds Plaintiff has alleged sufficient facts demonstrating each Moving Defendants' action in regard to disposing the waste on Ingalls' Property. (*See generally* Doc. No. 50.) Further, the Court believes Plaintiff sufficiently evidenced interference with his use and enjoyment of the property by noting the continued presence of the waste as well as the associated costs caused by it. (*Id.* ¶ 131.) Specifically, Plaintiff

7

notes the costs of assessing harms to Ingalls' Property, costs to respond to the LEA order, and costs to cleanup and restore the Ingalls' Property. (*Id.*)

Accordingly, Moving Defendants' motion to dismiss Plaintiff's nuisance claim is **DENIED.**

*3. Plaintiff Adequately Pleads a Negligence Claim*

Moving Defendants argue Plaintiff's negligence claim fails because the damages sought under these claims are purely economic losses and Plaintiff has failed to show a duty on the part of each Moving Defendant. (Doc. No. 56-1 at 17–18.) Plaintiff counters that all Moving Defendants held a duty of ordinary care and skill that was breached when the waste was dumped onto Plaintiff's property. (Doc. No. 50 ¶¶ 135, 136.) Further, Plaintiff alleges the dumping of solid waste, the obstruction and contamination of the Poggi Canyon Creek, and the obstruction of the free use of the property are tortious harms not barred by the economic loss rule. (Doc No. 60 at 19.) Last, Plaintiff alleges that Defendants' conduct constitutes negligence per se by violating RCRA 42 U.S.C. § 6901 et seq., the Clean Water Act 33 U.S.C. § 1311 et seq., and California Resources Code § 4400.5(a). (Doc. No. 50 ¶ 138.)

To state a claim of negligence, one must allege "the existence of a legal duty of care, breach of that duty, and proximate cause resulting in jury." *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (Cal. Ct. App. 2013). "[A] duty to exercise due care can arise out of possession alone." *Sprecher v. Adamonson Cos.*, 30 Cal. 3d 358, 367 (Cal. 1981). Further, "[t]he law is well settled that an owner or occupier of land is required to exercise ordinary care in the management of his property and the breach of such duty constitutes actionable negligence" *Davert v. Larson*, 163 Cal. App. 3d 407, 410 (Cal. Ct. App. 1985).

The Court finds Plaintiff sufficiently pleads a negligence claim as he establishes the necessary duty owed by each of the named Defendants. Under California law, "economic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence or strict liability cause of action to accrue . . . . [i]n a strict liability or negligence case, the compensable injury must be physical harm to persons or property, not

8

17-cv-2013-AJB-MDD

mere economic loss." *Cnty. of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 318 (Cal. Ct. App. 2006). However, here, the Court finds Plaintiff's allegations support the inference that the solid waste dumped by Moving Defendants has caused damages and harms to Plaintiff's property sufficient to constitute a harm under this claim. (Doc. No. 50 ¶¶ 103, 104, 105, 139, 140); s*ee Cal. Dep't of Toxic Substances Control v. Payless Cleaners, College Cleaners*, 368 F. Supp. 2d 1069, 1077 (E.D. Cal. 2005) (rejecting the argument that the economic loss rule barred plaintiff's negligence claim against dry cleaning equipment manufacturer where plaintiff had alleged damage to its property.) Thus, Moving Defendants' motion to dismiss Plaintiff's negligence claim is **DENIED**.

*4. Plaintiff Adequately Pleads that Moving Defendants Violated California Business and Professions Code §§ 17200 et seq.*

California's Unfair Competition Law – comprised of California Business and Professions Code sections 17200–17209 ("UCL") – defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice[.]" CAL. BUS. & PROF. CODE § 17200.

The Court finds Ingalls has sufficiently pled violations under § 44000.5[1] through Moving Defendants' purported entry onto Ingalls' Property to dispose of the solid waste. As such, Moving Defendants' motion to dismiss Plaintiff's UCL claim is **DENIED**.

*5. Plaintiff Adequately Pleads Equitable Indemnity*

To succeed on an equitable indemnity claim requires: "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible." *Expressions at Rancho Niguel Ass'n. v. Ahmanson Devs., Inc.*, 86 Cal. App. 4th 1135, 1139 (Cal. Ct. App. 2001).

Here, Plaintiff alleges the Moving Defendants' disposal of the solid waste onto his

---

[1] Section 44000.5 states that "a person shall not dispose of solid waste, cause solid waste to be disposed of, arrange for the disposal of solid waste, transport solid waste for purposes of disposal, or accept solid waste for disposal, except at a solid waste disposal facility…"

property has resulted in substantial incurred costs. (Doc. No. 50 ¶¶ 153, 154, 155, 156.) As Plaintiff has sufficiently pled allegations establishing Moving Defendants' liability in its negligence action, the Court finds the harms and liabilities associated with this claim to be sufficient. Therefore, Moving Defendants' motion to dismiss the equitable indemnity claim is **DISMISSED**.

### D. Moving Defendants' Costs

Moving Defendants request that their costs and fees be reimbursed by Plaintiff if the FAC was dismissed with prejudice. As the Court is granting in part and denying in part Moving Defendants' motion to dismiss and granting Plaintiff leave to amend, the Court **DENIES** Moving Defendants' request for costs and fees.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss Plaintiff's FAC. (Doc. No. 50) The dismissal is without prejudice and with leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."). Plaintiff will have **thirty (30) days** from the date of this Order to file his second amended complaint addressing the deficiencies noted herein. No new claims or parties may be added without leave of Court.

**IT IS SO ORDERED.**

Dated: January 22, 2019

Hon. Anthony J. Battaglia
United States District Judge

10

17-cv-2013-AJB-MDD